SILAS D. GIFFORD, Receiver, etc., Appellant, *v.* MICHAEL
AUGUSTINE CORRIGAN, Executor, etc., Impleaded, etc.,
Respondent.

A society incorporated under the act of 1848 (chap. 319 Laws of 1848),
providing for the incorporation of benevolent societies, under an order of
the court, which authorized a conveyance "for the use of the Roman
Catholic Church," of certain real estate owned by it, executed a deed
thereof to McE., a Catholic priest; the deed refer ing to the order. There
was a mortgage on the property at the time, upon which was unpaid a sum
equal to the value of the premises. McE. executed a deed thereof for
the expressed consideration of one dollar to McC., described therein as
"Archbishop of New York." The deed contained a covenant, by the
terms of which the grantee assumed and agreed to pay the mortgage.
In an action to foreclose the mortgage, wherein the estate of McC. was
sought to be charged for any deficiency under the covenant in the deed,
he and the grantor both having died before the commencement of the
action, no evidence was given showing that McC. ever had any knowl-
edge or information of the existence of the deed, or that he was ever
in possession of the land or knew of its existence, or that there was any
prior contract or negotiation between the parties; the only fact proved, in
any way connecting him with the transaction, was the record of the deed.
*Held*, that the intent was to convey the premises for church purposes only,
not to vest in the grantee a personal beneficial interest; and so, that under
the circumstances, no presumption arose from the record that the deed
had been delivered and accepted, or that the grantee made the covenant.
As to whether the grantor, in a deed containing such a covenant of
assumption, can release the grantee without the consent of the mort-
gagee, *quære*.

(Argued March 3, 1887; decided April 19, 1887.)

APPEAL from order of the General Term of the Supreme
Court in the second judicial department, made May 10, 1886,
which reversed, so far as appealed from, a judgment in favor
of plaintiff entered upon a decision of the court on trial at
Special Term.

This action was brought to foreclose a mortgage executed
by defendant, the Father Matthew Benefit Society No. 1, of
Tuckahoe, N.Y. The executor of John McCloskey, late Arch-
bishop of New York, was made defendant and the estate was
sought to be and was charged by the judgment for any

deficiency upon a covenant in a deed to his testator of the mortgaged premises, by the terms of which he assumed and agreed to pay the mortgage.

The further material facts are stated in the opinion.

*Ralph E. Prime* for appellant. The presumption of delivery and acceptance, which is inferred from the reading in evidence of the record of the deed, rests on good authority. (*Jackson* v. *Perkins*, 2 Wend. 308, 318 : *Lawrence* v. *Farley*, 24 Hun, 293, 295 ; *Fisher* v. *Hall*, 41 N. Y. 416, 423 ; *Fryer* v. *Rockefeller* 63 id. 268, 273 ; *Knolls* v. *Barnhardt*, 71 id. 474, 478 ; *Jackson* v. *Bodle*, 20 Johns. 184, 187 ; *Spencer* v. *Carr*, 45 N. Y 406, 410 ; *Wisley* v. *Dennis*, 44 Barb. 354, 359 ; *Lady Superior* v. *McNamara*, 3 Barb. Ch. 375, 378 ; *Moir* v. *Brown*, 14 Barb. 39, 45 ; *Gilbert* v. *N. A. F. I. Co.*, 23 Wend. 43, 46 ; *Van Buskirk* v. *Warren*, 4 Abb. Dec. 457, 460 ; 2 Greenl on Ev., § 297 ; *Thompkins* v. *Wheeler*, 16 Pet. 106 ; *Hallneck* v. *Bush*, 2 Root, 26 ; *Bright* v. *Schenck*, 10 Penn. St. 285 ; *Warren* v *Jacksonville*, 15 Ill. 236 ; *Wellborn* v *Weaver*. 17 Ga. 267 ; *Pavey* v. *Tilton*, 18 N. H. 151 ; *Marrill* v. *Swift*, 18 Conn. 257.) The grantor and his executors were each powerless to release defendant from the covenant of assumption. (*Ranney* v. *McMullen*, 5 Abb. [N C.] 246 ; *Ranney* v. *Peyser*, id. 259 ; *Guernsey* v. *Rogers*, 47 N. Y. 242 ; *Whiting* v. *Gearty*, 14 Hun, 501 ; *Douglass* v. *Wells*, 18 Hun, 88.)

*E. C. Boardman* for respondent. The production of the books of conveyances, containing the record of a deed, is no proof of its delivery or of its acceptance by the parties sought to be charged. (*Day* v. *Mooney*, 6 T. & C. 382 ; *Best* v. *Brown*, 25 Hun, 223.) The release by McEvoy's executor of McCloskey from the covenant of assumption contained in the deed from McEvoy to McCloskey, discharged the latter from all liability thereunder. (*Guernsey* v *Rogers*, 47 N. Y. 242 ; *Whiting* v *Gearty*, 14 Hun, 500 ; *Kelly* v. *Roberts*, 40 N. Y 432 ; *Douglass* v. *Wells*, 18 Hun, 88 ; *Pardee* v. *Treat*, 82 N. Y. 389 ; *Burr* v. *Beers*, 24 id. 179.)

ANDREWS, J.   The defendant, McCloskey, in his verified answer denied that he entered into the covenant of assumption contained in the deed executed by McEvoy, and alleged that the deed was made and executed without his knowledge, and that it was never delivered to or accepted by him.   The parties proceeded to trial upon the issue so presented, and the other issues in the case.   The plaintiff put in evidence from the register's office in Westchester county, the record of a deed dated May 8, 1873. recorded May 10, 1878, from McEvoy to the defendant, McCloskey, purporting to convey to "John McCloskey, Archbishop of New York," for the nominal consideration of one dollar, the mortgaged premises and a lot adjacent thereto, which deed contained a covenant on the part of the grantee to assume and pay the principal sum of $3,900 on the mortgage, with interest from January 9, 1869.   The deed was executed by the grantor alone.   The plaintiff rested his case against the defendant, McCloskey, solely upon the record.   The case is bare of any evidence or circumstance showing or tending to show that the defendant, McCloskey, had any knowledge or information of the existence of the deed, or indeed of the existence of the mortgaged property prior to the commencement of the action, or that he was ever in possession, or that he ever had any conversation or negotiation with any one in respect to the property.   There is no evidence who put the deed upon record, or how it came to be recorded.   The bare fact of the record is all that appears connecting the defendant, McCloskey, with the transaction. The grantor, McEvoy, died before the commencement of the action, and the defendant, McCloskey, a few months after the trial.   In determining the question whether the plaintiff made out a *prima facie* case of the delivery to and acceptance of the deed by the grantee, certain other facts need to be noticed.   McEvoy was a Roman Catholic priest.   He acquired title to the mortgaged property in 1870, from the trustees of "The Father Matthew's Temperance Benefit Society of Tuckahoe," a society incorporated under the act

of April 12, 1848, for the incorporation of "Benevolent, Charitable, Scientific and Missionary Societies." The conveyance of the property by the society to McEvoy was made under the order of the court, which authorized, the conveyance to be made to him "for the use of the Roman Catholic church, or the people of Tuckahoe," and the deed referred to the order as the authority under which it was executed. It appeared by the petition upon which the order was granted that the society was unable to pay the mortgage, and that the value of the premises did not exceed the amount due thereon. The plaintiff, to maintain his claim that the deed from McEvoy to McCloskey was delivered and accepted invokes the presumption that a party has accepted a benefit attempted to be conferred upon him, and that the record of a deed beneficial to the grantee, is *prima facie* evidence of its delivery. The property was conveyed to McEvoy for church purposes, and it cannot be doubted that in executing a deed to the defendant, McCloskey, it was his intention to vest the title in him, as archbishop, for the same purposes, whatever may be the legal effect of his conveyance, and not to vest in his grantee a personal beneficial interest in the property. It is well known that the title to church property in the Roman Catholic church is frequently vested in the bishop. This tends to explain a transaction which would, otherwise, be peculiar, and how McEvoy may have executed a deed of the land to his ecclesiastical superior without his knowledge. The ground of the presumption from the bare record of a deed, that it has been delivered and accepted, wholly fails in this case. The deed was not beneficial to the grantee. The property was heavily incumbered, probably to its full value. As has been stated, there is no evidence of any possession under the deed, or of any prior contract or negotiation between the parties, or of any knowledge, in fact, on the part of the grantee of the existence of the conveyance. In most of the cases, where delivery of a deed has been sought to be established without proof of the actual fact, there are circum-

stances which support the presumption of a delivery, in addition to the bare record of the deed. We are of the opinion that under the circumstances of this case, a delivery cannot be presumed from the record alone, and that the conclusion of the General Term upon this point was correct. (*See Jackson* v. *Phipps*, 12 J. R. 418; *Jackson* v. *Bodle*, 20 id. 184; *Church* v. *Gilman*, 15. Wend. 656; *Elsey* v. *Metcalf*, 1 Den. 323.) Construing the exceptions in connection with the issue raised by the pleadings, we think they fairly presented the question whether the evidence justified a finding that the defendant, McCloskey, made the covenant upon which he is sought to be charged. But as the case on this point may be changed on a retrial, we think the court below should have ordered a new trial and that its order should be modified in this respect.

There is another question argued by counsel of great interest which we do not deem it necessary to decide, as it may not again arise. The question relates to the effect of the release from the covenant of assumption executed by the executor of McEvoy to McCloskey, after the complaint in the action and the notice of his *lis pendens* had been filed, but before the actual service of process on the defendant. Is it competent for a grantor of mortgaged premises, whose conveyance was made subject to the mortgage and contains a covenant of assumption by the grantee, without the consent of the mortgagee, to release the grantee from the covenant so as to bar any remedy thereon against him by the mortgagee, and does it make any difference whether the release is executed before or after the mortgagee has notice of the covenant, or before or after suit commenced by him thereon? This question has never been finally adjudicated in this court, although expressions of judges are to be found bearing upon it. (*Hartley* v. *Harrison*, 24 N. Y. 170; *Garnsey* v. *Rogers*, 47 id. 233; *Dunning* v. *Leavitt*, 85 id. 30; *Knickerbocker L. Ins. Co.* v *Nelson*, 78 id. 137, 150.) Prior to *Burr* v. *Beers* (24 N. Y. 178), as is shown by

RAPALLO, J., in *Garnsey* v. *Rogers*, the right of a mortgagee to avail himself of the benefit of a covenant of payment made by a grantee of the mortgagor, was regarded as an equitable right only, and was founded on the theory that " the undertaking of the grantee to pay off the incumbrance is a collateral security acquired by the mortgagor, which inures by an equitable subrogation to the benefit of the mortgagee." (DENIO J., *Burr* v. *Beers, supra.*) Assuming this to be the true foundation of the rule, the question arises, when does this equitable right of subrogation attach? It is clear that it cannot be enforced by the mortgagee until default of the covenantor to pay the mortgage according to the terms of his covenant. But does not the equitable right of the creditor to the benefit of the covenant spring into existence contemporaneously with the covenant itself, although he cannot then avail himself of it, and although he may never be in a situation which renders a resort to it necessary. This right does not rest on privity of contract between the covenantor and mortgagee. It is the application of an equitable principle long recognized, to work out the real justice of the transaction. If the right of the creditor to the collateral security springs into existence concurrently with the origin of the relation of principal and surety between the mortgagor and his grantee, ought the immediate parties to the covenant, by a mere release, to be permitted to change the situation of the mortgagee and deprive him of the security of the covenant? It is true that there is no direct contract with the mortgagee, nor is there any consideration moving between the mortgagee and the covenantor. But does the absence of a consideration between these parties justify the mortgagor in canceling a security which he has taken for his own protection, and which at the same time operates also as a protection to his creditor, and especially when this is done for the mere purpose of defeating the remedy of the latter. The case of *Burr* v. *Beers* established the doctrine in this State that an action at law would lie in favor of the mortgagee against the grantee of the mortgagor, on the covenant of assumption. Would

the defense of a release be available when the action is in this form, assuming that it would not be available in the equitable action?    In truth, is the direct action on the covenant not an action founded upon the equity of the transaction, rather than upon the notion of a contract between the parties?    We leave the question raised by the release in this case undecided.    We prefer not to decide it until it is squarely and necessarily presented.

The order and judgment of the General Term should be modified by directing a new trial, and as so modified, affirmed, with costs to abide the event.

All concur, DANFORTH and PECKHAM, JJ. in result.

Ordered accordingly.