(8 Misc. Rep. 314.)

## WILLIAMS v. FISHER.

(Common Pleas of New York City and County, General Term.    May 17, 1894.)

EVIDENCE—PAROL TO VARY WRITING.
    The rule that parol evidence is not admissible to vary a writing does not apply to persons not parties to the writing.

Appeal from eleventh district court.
Action by I. Newton Williams against Isabella H. Fisher. From a judgment in favor of plaintiff, defendant appeals. Affirmed.
Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Frank L. Crawford, for appellant.
I. Newton Williams, in pro. per.

BOOKSTAVER, J. This action was brought to recover attorney's fees for services rendered in an action in the supreme court which was settled between the parties without the consent of the plaintiff's attorney in that action, being the respondent herein. Upon the trial the release so executed between the parties was given in evidence; and, thereafter, respondent introduced oral testimony tending to show what his charges were, and that the appellant herein, being defendant in the supreme court action, undertook to pay them. This was objected to by appellant on the ground that no oral testimony could be given to vary, enlarge, or define the written release. This contention is undoubtedly good, as between the parties to the contract itself, but not as to strangers to it, as the respondent in this case was. The rule prohibiting the reception of parol evidence to vary or modify a written agreement does not apply where the original contract was verbal and entire, and a part, only, reduced to writing. Nor does it apply to a collateral undertaking, or to a stranger to the contract. Besides, where a promise is made by a party as a condition of compromise of a litigation for another's benefit, that other can maintain an action upon it. See Todd v. Weber, 95 N. Y. 181; Rector v. Teed, 120 N. Y. 583, 24 N. E. 1014; Gifford v. Corrigan, 105 N. Y. 223, 11 N. E. 498; Id. 117 N. Y. 257, 22 N. E. 756. The judgment must therefore be affirmed, with costs.