Sedgwick, C. J.
This action is, briefly stated, to redeem certain lands, described in the complaint, from a mortgage. The mortgage has been foreclosed, and the defendants have succeeded to the rights of the purchaser at the sale in' foreclosure. The complaint claims that the plaintiffs had, at the time of foreclosure, each an interest in the premises mortgaged, and were not served with process in the action, and did not appear therein. It was necessary for the plaintiffs to show on the trial below that they had title to the land, in order to show that they had a right to redeem. This action does not involve a claim to an equitable right. A legal title and interest is alone claimed.
The plaintiff Herman Russ claims an estate in the land by virtue of a conveyance máde-22d April, 1876, by Frederick Bruns and wife, to J. W., W. and Addie and George Lyons and Herman Russ, etc. This deed was recorded 25th May, 1876. The defendants claim that this deed was not delivered to Herman Russ until after the purchaser at the foreclosure sale had taken title. By the evidence it appears that Herman Russ knew nothing of the deed, or of its recording, at or before the time of its recording. The effort to show the contrary was not successful. A Mrs. Weidersum, whose relation to the title or its owners is not disclosed, at a time that is not proved, held up a piece of paper to Herman Russ, who was a street playmate of her son, and of the age of eleven years, and said: “ This is for you. When you come to be of age, you will have something.” He did not take the paper. She kept it. There was no presumption, no proof, that the paper was the deed of Bruns to Russ and others, and which was afterwards recorded. Her words did not describe the effect of the deed. A deed would give the title to the infant, with right to him to avoid it on coming of age., Russ testified that he did not "know that the piece of paper was a deed. This transaction,’ therefore, did not show any delivery of the deed to Russ. The argument for the plaintiff claims that the recording of the deed shows a delivery. This is but by a presumption, and may be rebutted. Gilbert v. North American Fire Insurance Co., 23 Wend. 46; Jackson v. Perkins, 2 id. 317; and Gifford v. Corrigan, 105 N. Y. 223; 7 St. Rep. 7. There is no evidence, I believe,—at least, no incontrovertible evidence,—that Russ ever knew of the existence or the recording of this deed until a little time before the. present suit was begun. Therefore, until that time, he, could not have in fact made an acceptance, which is a part of a delivery. In the meantime the right of the purchaser in the foreclosure had accrued. Nor would the acceptance by Russ have affected, by relation to the time of recording, the valid acts or right of the purchaser, to whom the defeudants succeed in several days. Such acts and right are not invalidaEed by relation. Russ was made a defendant in the foreclosure action, but was not served with the summons, although there was an affidavit of service. The purchaser could have the advantage of the fact as to title, whether or not he knew it. In iact, Russ had no interest in the land, as' there had been no acceptance of the deed by him. Upon that condition of the facts, the pur *98 chaser bought, and paid a valuable consideration. Of a title to be gained by relatieu. the judge delivering the opinion in Mitchell v. Bartlett, 51 N. Y. 453, says: “I dissent from this doctrine and deny that a legal title can become vested under a deed before its delivery, under any circumstances.” The plaintiff Russ, then, cannot disturb the detendant’s title, and has no claim of a right to redeem. If there be any other who has a right to redeem the estate claimed by Russ,—which is doubtful under the circumstances,— he should have been made a party.
“As a party entitled to a part only of the mortgage money cannot foreclose the mortgage without bringing the other parties interested in the mortgage money before the court, so neither can a motgagor redeem the mortgaged estate without making all those who have an equal right to redeem with himself parties to the suit.” “The owner óf two estates mortgaged for same sum cannot redeem his part separately.” 1 Dan. Chi. Prac. (4th Am. Ed. 2!2. _ _ .
_ _ This concerns the equitable causes of action, and not the parties. The two other plaintiffs have no right to redeem without bringing in all others that have a right to redeem. I therefore think there should bé a new trial, and not a dismissal of the complaint. On that new trial there may be more evidence as to the delivery and acceptance of the deed.
It is supposed that delivery to Russ was shown by a delivery of another deed, made by the co-grantees of Russ to two plaintiffs other than Russ, which was delivered to and accepted by them. These facts did not show delivery to Russ., The grantees in neither deed were joint tenants, and were tenants in common or several owners. No act of theirs could bind another tenant in common', if there' were' one. Other plaintiffs, Minnie Orth and Emelie Orth, claimed title under a deed made 1st day of September, 1876, between J. W. and W. and Addie and George ¡Lyons and themselves, Emelie Orth and Minnie Orth. The deed that it is claimed gave to these grantors title was the deed to Russ and others, viz. Bruns to J. W.W. and Addie and George Lyons. In case of identity of name, the presumption arises from the improbability that different persons have the same name, and therefore the onus is cast upon the party denying the identity to show that it is a different person ; but an initial letter may denote any one of a great number of names, and, unaided by proof of any other fact, designates the person with but little more certainty than as though the name abbreviated by the initial was wholly omitted. People v. Smith, 45 N. Y. 779. It is therefore impossible tQ identify any one, unless perhaps George Lyons, by the initials or the single word “Addie.” A person is presumptively possessed of a Christian name and a surname. Thelast connective “and” in J. W. and W. and Addie and George Lyons separates the preceding initials and “Addie,” and so does the connective immediately before “Addie.” It is-not to the purpose that the deed has been signed by four persons, who give the names “J. W. Lyons,” “W. Lyons,” “Addie ¡Lyons,” “George Lyons.” On the positions that have been taken here, they, excepting George Lyons, do not ap *99 pear by the deed to be described in it or identified by it. The deed to the Orths was not operative to convey any estate, except, perhaps, such as George Lyons had power to convey. What the estate of George Lyons was, was not discerned at the bar. Without such an argument, we will not decide it now. If this construction of the deed to the Orths be correct, it then appears that there were parties not brought into this action for redemption whose presence was necessary. The judgment is reversed, and a new trial ordered, with costs to defendants to abide the event.