ALEXANDER ELLIS, as Ancillary Executor, etc., Plaintiff, *v.* MARTIN KRISTOFERSEN and Others, Defendants.

Supreme Court, Tioga County, April 23, 1927.

**Mortgages — foreclosure — deficiency judgment — grantee who assumed payment of mortgage is liable to mortgagee for deficiency notwithstanding oral agreement by grantor to release him from liability on reconveyance.**

In this action to foreclose a mortgage, plaintiff, mortgagee, is entitled to a judgment for deficiency against the grantee of the mortgaged premises, who, on the purchase thereof, assumed and agreed to pay the mortgage thereon. The fact that the grantee thereafter, but prior to the commencement of this action, reconveyed the premises to his grantor, who orally agreed to release him from liability

under the contract, whereby he had assumed to pay said mortgage, does not release said grantee so as to deprive the mortgagee of his right to avail himself of the benefit of the covenant.

ACTION to foreclose mortgage.

*Frank A. Bell,* for the plaintiff.

*Edward W. Eaton,* for the defendants John W. Tewsley and Ethel B. Tewsley.

RHODES, J. The parties to this action have submitted their dispute for determination upon a written stipulation and agreed state of facts. The defendant Kristofersen conveyed certain premises in question to the defendant Tewsley, and as part consideration therefor, evidenced by a recital in such deed of conveyance, Tewsley assumed and agreed to pay a mortgage upon said premises, which mortgage is now being foreclosed. Thereafter and before the commencement of said foreclosure action Tewsley reconveyed said premises to Kristofersen. The deed of reconveyance makes no reference to the mortgage but as part consideration for the reconveyance Kristofersen orally agreed that Tewsley was to be released from all liability under the covenant whereby he had assumed and agreed to pay said mortgage. No question of fraud or bad faith is raised as to the release by Kristofersen of Tewsley as to the covenant of Tewsley wherein he had assumed and agreed to pay said mortgage. The plaintiff in this action by his complaint demands judgment for deficiency against Tewsley in case the premises fail to sell for sufficient to discharge the mortgage debt.

The question here presented is whether or not Tewsley remains liable to the mortgagee under the covenant in the deed whereby he as grantee assumed and agreed to pay said mortgage although such covenant of assumption has been released by the grantor. In *Gifford* v. *Corrigan* (105 N. Y. 223) the court stated that this question has never been finally adjudicated by the Court of Appeals. So far as I can discover the question has never since been finally determined by that court. The question has oftentimes been discussed in various opinions reported in this State, but the conflict of opinion remains and it is hopeless to attempt to reconcile or harmonize the decisions or the reasons given therefor. The case of *Douglass* v. *Wells* (18 Hun, 88), decided by the Third Department in 1879, holds squarely that such a covenant of assumption cannot be released so as to deprive the holder of the mortgage of his right to enforce such covenant in case of a deficiency. The opinion written by BOCKES, J., discusses practically all of the cases decided in this State relative to the subject to the date of such decision.

Frankly, it seems to me that the dissenting opinion of Learned, P. J., in that case is more logical, but in view of the decision in that case, and in view of the language of the Court of Appeals in *Gifford* v. *Corrigan* (*supra*), and in the light of all the cases in this State upon the subject, which it is useless here to discuss, it seems to me that the weight of judicial authority expressed in the decisions is in favor of the proposition that a covenant of a grantee who assumes and agrees to pay a mortgage cannot be released so as to deprive the holder of the mortgage of his right to avail himself of the benefit of such covenant.

I, therefore, decide that the plaintiff is entitled to a judgment for deficiency against the defendant Tewsley.