CHRISTIE MORALES, Plaintiff, Respondent, *v.* ROSS JOANOU and CONSTANTINE PETROHILOS, Defendants, and CONSTANTINE PETRO-HILOS, Defendant, Appellant.

Supreme Court, Appellate Term, First Department, February 9, 1933.

*William R. Altman,* for the appellant.

*William W. Lesselbaum,* for the respondent.

FRANKENTHALER, J. The plaintiff sold to the defendant Joanou certain shares of stock of the White Rose Coffee Pot, Inc., part of the purchase price of which was payable in twelve notes. After one of the notes had been paid, Joanou sold the stock to the appellant Petrohilos, who assumed the payment of the eleven unpaid notes in part consideration. Appellant paid two of the notes, and on default in the payment of the other notes plaintiff commenced suit against him on the basis of his assumption agreement. Joanou was named as a party defendant but was never served.

Appellant sought to prove a release or discharge from the assumption agreement. He offered in evidence an agreement between himself and Joanou dated May 8, 1930, by which he transferred to Joanou the shares of stock together with other shares of the same corporation and in which contract it was provided that the agreement of assumption should be " of no force and effect." He testified that on May 12, 1930, plaintiff had admitted to him that he had just heard of the assumption agreement, while plaintiff testified that he had learned of it on March 27, 1930, immediately after the sale from Joanou to appellant.

The trial judge excluded from evidence the agreement of May 8, 1930, and directed a verdict in plaintiff's favor.

Since the decision in *Lawrence* v. *Fox* (20 N. Y. 268) it has been settled law in this State that a creditor of a promisee may maintain an action at law against the promisor who has agreed to pay the promisee's debt. Though in the case of a " sole " or donee beneficiary, as for instance the beneficiary of an ordinary life insurance policy, the weight of authority holds that he acquires a vested right immediately upon the making of the contract whether he knows of it or not, which is not subject to subsequent rescission, such has not been the situation with respect to beneficiaries who are creditors of the promisee. Many theories have been advanced with respect to the principles upon which the creditor's rights are based, but our Court of Appeals, which has discussed them at some length, has found it unnecessary to place reliance on any one of them. (*Gifford* v. *Corrigan,* 117 N. Y. 257.) It is agreed, however, that the creditor's right is a derivative one (*Dunning* v. *Leavitt,* 85 N. Y. 30, 35; *Vrooman* v. *Turner,* 69 id. 280, 284), and that the defenses of failure of consideration (*Loeb* v. *Willis,* 100 N. Y. 231; *Judson* v. *Dada,* 79 id. 373, 379), mistake (*Crowe* v. *Lewin,* 95 N. Y. 423, 427; *Wheat* v. *Rice,* 97 id. 296, 302), and fraud (*Arnold* v. *Nichols,* 64 N. Y. 117, 119; *Moore* v. *Ryder,* 65 id. 438, 442), which are available

against the promisee are also good as against his creditor. (1 Williston Cont. §§ 394, 395, 397; Williston Contracts for the Benefit of a Third Person, 15 Harvard Law Rev. 767, 799.)

It would seem to follow that the defense of release or discharge would also be available to the promisor against his promisee's creditor for if the debtor no longer has a right against the promisor, his creditor should have none. (1 Williston Cont. § 396.) However, where the creditor has in any manner acted in reliance upon the promise of assumption, the promisee cannot discharge his creditor's rights by releasing the promisor. (*Gifford* v. *Corrigan*, supra; *May* v. *National Bank of Malone*, 9 Hun, 108.) FINCH, J.; writing the opinion of the court in the *Gifford* case, said (117 N. Y. 262) that no matter upon which principle the decision in *Lawrence* v. *Fox* (*supra*) was based, they all involve as a logical consequence " the irrevocable character of the contract after the creditor has accepted and adopted it, and in some manner acted upon it."

That court left unanswered, however, the question whether the agreement of assumption became irrevocable prior to the time the creditor acted in reliance upon it, and has not passed upon that question, though referring to it in numerous dicta. (See *Wheat* v. *Rice*, 97 N. Y. 296, 302.) Lower courts have reached various conclusions. In the Fourth Department it has been held that the agreement of assumption may be rescinded prior to the time the creditor acts in reliance upon it (*Stephens* v. *Casbacker*, 8 Hun, 116), while in the Third Department, it is held that the agreement is irrevocable at any time as regards the creditor (*Douglass* v. *Wells*, 18 Hun, 88; *Ellis* v. *Kristofersen*, 129 Misc. 443).

In view of the fact that the creditor's right is something for which he neither bargained nor gave consideration, it is, in my opinion, logical to hold that by their mutual agreement the promisee and the promisor may revoke this right if the creditor does not act in reliance upon the assumption agreement before he learns of its rescission.

This view accords with the restatement of the law by the American Law Institute (Contracts, vol. 1, § 143), and is not inconsistent with the decision in *Gifford* v. *Corrigan* (*supra*).

Whether the plaintiff had brought this action or in some manner acted in reliance upon the agreement of assumption without knowledge of its alleged discharge was a question for the jury, and it was error to exclude the so-called rescission agreement from evidence and direct a verdict.

Judgment and order reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, LYDON, LEVY and FRANKENTHALER, JJ.