420 S.E.2d 292

**Deanna Lynn HAYMAKER, Individually, and as Administratrix of the Estate of Kevin D. Haymaker, Plaintiff Below,**

and

**David Michael Matheny, Plaintiff Below, Appellant,**

v.

**GENERAL TIRE INC., an Ohio Corporation, and Turnpike Ford, Inc., Defendants Below, Appellees.**

No. 20100.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 28, 1992.

Decided July 23, 1992.

John R. Mitchell, Charleston, for appellant.

Daniel R. Schuda, Steptoe & Johnson, Charleston, for appellee, Turnpike Ford, Inc.

Shawn P. George, Charleston, for appellee, General Tire, Inc.

McHUGH, Chief Justice:

Appellant, David Michael Matheny, appeals from the order of the Circuit Court of Kanawha County, entered August 30, 1988, granting the summary judgment motion of appellees, General Tire, Inc. and Turnpike Ford, Inc. The Circuit Court of Kanawha County determined that a general release signed by appellant settling his claim with a third party (State Farm Insurance, insurer for Kevin D. Haymaker) also released the appellees in this action. We reverse the order of the circuit court granting summary judgment and remand this case for further proceedings.

On July 7, 1982, appellant was the passenger in a vehicle driven by Kevin D. Haymaker near Belle, Kanawha County. Mr. Haymaker's wife had purchased the vehicle from appellee, Turnpike Ford, Inc., on June 15, 1982. The vehicle included tires manufactured by appellee, General Tire, Inc. A single vehicle accident occurred whereby both Mr. Haymaker and appellant were injured. Mr. Haymaker died as a result of his injuries. Appellant contends that the accident was caused by a faulty left rear tire which exploded, causing Mr. Haymaker to lose control of the vehicle.

In 1984, the appellant and Deanna Lynn Haymaker, administratrix of the estate of Mr. Haymaker, filed a complaint in the Circuit Court of Kanawha County against appellees to recover damages as a result of the accident. Prior to filing the complaint, appellant entered into a settlement agreement with Mrs. Haymaker and the estate of Mr. Haymaker whereby he specifically released those two parties "for the sole consideration of $12,000." The release contains the following language:

For the sole consideration of [$12,000] ... the undersigned hereby releases and forever discharges the estate of Kevin D. Haymaker, deceased and Deanna L. Hay-

maker, his heirs, executors, administrators, agents and assigns, and all other persons, firms or corporations liable or who might be claimed to be liable, none of whom admit any liability to the undersigned but all expressly deny any liability, from any and all claims, demands, damages, actions[,] causes of actions or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to person and property, which have resulted or may in the future develope [sic] from an accident which occurred on or about the 7th day of July, 1982, at or near Belle, W.Va.

. . . .

Undersigned hereby declares that the terms of this settlement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned, and for the express purpose of precluding forever any further or additional claims arising out of the aforesaid accident.

The release was signed by appellant and witnessed by appellant's counsel. Appellant contends that the appellees were not parties to the settlement agreement and did not learn of its existence until after the appellant filed his complaint.

Appellees filed a motion for summary judgment in regard to the complaint of the appellant. They argued that the language of the release, whereby "all other persons, firms or corporations liable or who might be claimed to be liable ... [are released] from any and all claims, demands, damages, actions[,] causes of actions or suits of any kind or nature whatsoever" released them from liability. The Circuit Court of Kanawha County concluded that, as a matter of law, the terms of the release are clear and unambiguous; that the appellant had received adequate consideration in support of the release; and that appellant had released the appellees from all claims, demands, actions, causes of action or suits of

any kind or nature whatsoever, and therefore dismissed the claims of appellant.

Appellant appealed the dismissal to this Court. Appellant argues that the release was only intended to cover the estate of Mr. Haymaker and Mr. Haymaker's insurer, and that there was no intent to release the appellees. Appellant acknowledges that the release "could be drawn out to cover the defendants, appellees, if taken strictly in its most literal sense" but contends that "the intentions of the parties and the circumstances of the making of the release show that this should not be the case."

In the instant case, the release in question purports to release not only the named tortfeasor but "all other persons, firms or corporations liable or who might be claimed to be liable" as well. Appellant sought to introduce the affidavit of David V. Walters, a claims superintendent for the State Farm Mutual Insurance Company, into evidence before the trial court to show that the release was only intended to release Mr. Haymaker, and was not intended to release any other person. Apparently, this affidavit was not considered by the trial court.

■ The question we must answer in this case is whether parol evidence is admissible to vary the terms of the release. In *Yoho v. Borg–Warner Chemicals*, 185 W.Va. 265, 266, 406 S.E.2d 696, 697 (1991), we stated that:

West Virginia law regarding application of the parol evidence rule is well-settled. '[W]here the terms of a written instrument are unambiguous, clear and explicit, extrinsic evidence of statements of any of the parties to it made contemporaneously with or prior to its execution is inadmissible to contradict, add to, detract from, vary or explain its terms, in the absence of fraud, accident or mistake in its procurement.' *Kanawha Banking & Trust Co. v. Gilbert*, 131 W.Va. 88, 101, 46 S.E.2d 225, 232–33 (1947); *see also id.* at Syl. Pts. 1, 2, and 3. Conversely, the law does provide that parol evidence may be used to explain uncertain, incomplete, or ambiguous contract terms. *See Glenmark Associates,*

*Inc. v. Americare,* 179 W.Va. 632, 371 S.E.2d 353 (1988); *Holiday Plaza, Inc. v. First Fed. Sav. & Loan Ass'n,* 168 W.Va. 356, 285 S.E.2d 131 (1981); *Berkeley County Pub. Serv. Dist. v. Vitro Corp. of America,* 152 W.Va. 252, 162 S.E.2d 189 (1968).

It is abundantly clear that the parol evidence rule is applicable as *between the parties to a release* when its terms are clear and unambiguous. It is not clear, however, whether the parol evidence rule is applicable as between a party to a release and a stranger to the document.

█ Even though we have never addressed this specific issue, many other jurisdictions have done so. Although there is a divergence of authority, it appears that, generally, the parol evidence rule may *not* be invoked by a stranger to a release. *See Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 347 n. 12, 91 S.Ct. 795, 810 n. 12, 28 L.Ed.2d 77, 97 n. 12 (1971); *Lemke v. Sears, Roebuck & Co.,* 853 F.2d 253 (4th Cir.1988) (applying Virginia law); *Essington v. Parish,* 164 F.2d 725, 729 (7th Cir.1947) (applying Illinois law); *O'Shea v. New York, C. & St. L.R. Co.,* 105 F. 559, 563 (7th Cir.1901); *State Highway Commission v. Wilhite,* 218 Ind. 177, 31 N.E.2d 281, 282 (1941); *Smith v. Conn,* 163 N.W.2d 407, 412 (Iowa 1968), *but see Pedersen v. Bring,* 254 Iowa 288, 117 N.W.2d 509 (1962); *State v. Rust,* 256 Minn. 246, 98 N.W.2d 271, 278 (1959); *Slinkard v. Lamb Const. Co.,* 286 Mo. 623, 225 S.W. 352 (1920); *McKim v. Metropolitan Street Ry. Co.,* 196 Mo.App. 544, 196 S.W. 433, 434 (1917); *Menking v. Larson,* 112 Neb. 479, 199 N.W. 823, 824 (1924); *Williams v. Fisher,* 8 Misc. 314, 28 N.Y.S. 739 (1894); *In re Sewer Dist. No. 4,* 148 Pa.Super. 7, 24 A.2d 678, 679 (1942); *Memphis Street Railway Company v. Williams,* 47 Tenn. App. 399, 338 S.W.2d 639 (1959); *Eckel v. First National Bank of Fort Worth,* 165 S.W.2d 776 (Tex.Civ.App.1942); *Pearce v. Hallum,* 30 S.W.2d 399, 402 (Tex.Civ.App. 1930); *International & G.N.R. Co. v. Jones,* 41 Tex.Civ.App. 327, 91 S.W. 611, 613–14 (1906); *Restatement (Second) of Torts* § 885 (1982); R.W. Gascoyne, Annotation, *Applicability of Parol Evidence Rule in Favor of or Against One Not a Party to Contract of Release,* 13 A.L.R.3d 313 (1967).

Adoption of such a rule in this jurisdiction would be consistent with *W.Va.Code,* 55–7–12 [1931]:

> A release to, or an accord and satisfaction with, one or more joint trespassers, or tort-feasors, shall not inure to the benefit of another such trespasser, or tort-feasor, and shall be no bar to an action or suit against such other joint trespasser, or tort-feasor, for the same cause of action to which the release or accord and satisfaction relates.

Permitting the use of parol evidence to interpret a release in actions between a party to a release and a stranger thereto is also consistent with the rule in this jurisdiction that permits the use of parol evidence by an injured party to determine the intent of the parties to release *successive* tortfeasors in an agreement to release the original tortfeasor. *See Thornton v. Charleston Area Medical Center,* 158 W.Va. 504, 213 S.E.2d 102 (1975).[1]

---

1. In syllabus points 5 and 6 of *Thornton,* we held:

> 5. The execution of a general release in favor of the original tort-feasor or dismissal with prejudice of a civil action against such tort-feasor is *prima facie* evidence of the intention of the injured party to accept the same as full satisfaction of all damages which naturally flow from the original injury, in the absence of language or circumstances in the release or dismissal indicating a contrary intention of the parties; but whether such release or dismissal is a bar to further action for malpractice against the treating physician or hospital providing care is a question of fact to be answered from the intention of the parties.

> 6. To determine the intention of the parties with reference to release of successive tort-feasors, the injured party is entitled to introduce parol evidence to explain the terms of a contract of release in favor of, or the circumstances attendant to a dismissal with prejudice of a civil action against, the original tort-feasor.

It is clear from syllabus point 5 of *Thornton* that even "in the absence of language or circumstances in the release or dismissal indicating a contrary intention of the parties," the *intention* of the parties to the release is paramount.

Appellee, General Tire, cites to this Court *Donganieri v. United States,* 520 F.Supp. 1093 (N.D.W.Va.1981) where the federal district court was faced with circumstances similar to those in the instant case. The *Donganieri* court noted that this was a case of first impression in West Virginia,[2] and predicted that this Court would invoke the parol evidence rule despite the fact that the United States was a stranger to the release. The *Donganieri* court, however, did not address the issue of whether the parol evidence rule is applicable to a dispute between a stranger and a party to a release.

In the instant case a stranger to the release seeks to bar parol evidence which would tend to show that the release was not intended to benefit the stranger. We hold that the parol evidence rule may not be invoked by a stranger to a release. Therefore, the order of the trial court granting summary judgment in this case must be reversed, and the trial court must consider parol evidence presented by the appellant to support his assertion that it was not the intention of the parties who entered into the release to release the appellees as well.

The August 30, 1988 order of the Circuit Court of Kanawha County is reversed and this case is remanded for further proceedings.

Reversed and remanded.

WORKMAN, J., deeming herself disqualified, did not participate in the consideration or decision of this case.

---

**2.** This issue was also addressed in two other federal district courts. In *Mayle v. Criss,* 169 F.Supp. 58 (W.D.Pa.1958), the court interpreted *W.Va.Code,* 55–7–12 to mean that the release of one tort-feasor does not inure to the benefit of another such tort-feasor who is not a party to the release, despite language therein purporting to release "all other persons[.]" *Id.* at 60. An opposite result was reached in *Bonar v. Hopkins,* 311 F.Supp. 130 (W.D.Pa.1969), which was essentially followed by the *Donganieri* court.