BOHNERT, Respondent, vs. RADKE, Appellant.

*January 14—February 9, 1926.*

*Contracts: For benefit of third party: Modification without third party's consent: Assuming chattel mortgage: Lost instruments: Degree of proof required.*

1. Where the existence of an agreement to pay a chattel mortgage depended on oral testimony, if the jury believed the testimony of plaintiff's witness that the lost contract contained such agreement, and disbelieved defendant's testimony to the contrary, it cannot be said that evidence of such agreement was not of the quantum and character required.   p. 206.

2. A promise to pay the debt of a third party must be proved by clear and satisfactory evidence.    p. 206.

3. The contents of a lost instrument must be shown with particularity by strong and convincing evidence.    p. 206.

4. Where the defendant assumed payment of a chattel mortgage to a third party in an agreement for an exchange of farms, and went into possession of plaintiff's farm, the refusal to allow him to show that the agreement was annulled by mutual consent was not error, as a contract for the benefit of a third party is enforceable by such party from the date of its execution, and neither of the contracting parties can thereafter rescind or change the contract to the detriment of the third party.    p. 206.

APPEAL from a judgment of the circuit court for Dodge county: C. M. DAVISON, Circuit Judge.    *Affirmed.*

This was an action brought on an agreement entered into between one Berndt and the defendant *Radke,* wherein it was claimed that *Radke* assumed and agreed to pay a certain chattel mortgage for $2,000 executed by Berndt to the plaintiff.

It seems that Berndt and the appellant *Radke* entered into a written agreement to exchange farms and the personal property thereon. The plaintiff claims that in such written agreement *Radke* agreed and assumed to pay the chattel mortgage covering the personal property that Berndt had on his farm. The agreement was made on the 21st of October, and *Radke* moved on to the farm and took possession of it and the personal property on the 1st of November, 1921. The exchange deeds were not executed until February, 1922. *Radke* took the farm under his deed from Berndt, subject to three mortgages thereon.

The land contract was lost and could not be produced at the trial in this action. The appellant denied that he entered into any agreement to pay the chattel mortgage in question. The case was tried before a jury, and the court submitted to the jury this question:

"*Q.* Did the defendant *Radke,* under all of the terms of the contract which he made with Berndt, unconditionally

assume and agree to pay the chattel mortgage which Berndt gave to *Bohnert? A.* Yes."

Judgment was entered in favor of the plaintiff and against the defendant for the amount due on the mortgage, and defendant appealed. The appellant assigns as errors, in substance: first, that the evidence does not justify the verdict of the jury; and second, that the court erred in the admission and rejection of certain testimony.

For the appellant there was a brief by *Lueck, Clark & Lueck* of Beaver Dam, and oral argument by *A. W. Lueck.*

For the respondent there was a brief by *August Kading* and *Clifford & Hartman,* all of Juneau, and oral argument by *E. E. Clifford.*

CROWNHART, J. It is earnestly contended by the defendant that there is no sufficient evidence to justify the verdict of the jury. The land contract, in which the agreement to assume the mortgage is claimed to exist, was lost and could not be produced at the trial. The finding of the jury, therefore, depends upon the oral testimony of the witnesses. There is no dispute as to the contents of the contract except upon the one point, and that is as to whether it contained a provision on the part of the appellant in which he assumed and agreed to pay the chattel mortgage in question. One witness, Attorney August Kading, testified that he saw and read the contract after its execution and that it contained the agreement as claimed by the plaintiff. The witness examined the contract specially to ascertain this fact, and he testified positively that the contract contained the agreement. On the other hand, the appellant testified with equal positiveness that the contract did not contain any such agreement. The case was submitted to the jury substantially on the evidence of these two parties. There was some other evidence as to facts and circumstances that had little weight, except, perhaps, the fact that appellant did take the mortgaged personal property on the trade and went into possession of the

same.   Naturally, it may be said that he intended to pay the lien against the property, and for this reason it would not be unlikely that he would agree in his written contract to assume and pay the mortgage.

We recognize the rule that a promise to pay the debt of a third party must be proved by clear and satisfactory evidence; also, the contents of a lost instrument must be shown with particularity by strong and convincing evidence.   The jury saw and heard the witnesses, and if it believed the witness August Kading for the plaintiff, and disbelieved the testimony of the defendant, then it cannot be said that the evidence of the assumption of the debt was not of the quantum and character required.

At the trial the defendant offered to prove that before the exchange of deeds but after the exchange of the property in fact, and after the appellant had taken possession of the farm and the personal property subject to the chattel mortgage in question, Berndt failed and refused to carry out and perform the terms and provisions of said contract on his part to be performed; that upon such breach being made, *Radke* exercised his right and option to declare the contract void because of such breach, and notified Berndt that the contract was void and of no further effect; that thereafter the contract was abrogated by mutual consent of both *Radke* and Berndt, and that the deeds that were executed on February 13, 1922, by those parties were given and exchanged pursuant to a new agreement.

The court denied this offer on the ground that the contract, so far as the personal property was concerned, was executed when the appellant went into possession on November 1, 1921, and that the rights of the plaintiff and defendant were fixed as of that date.

This court has repeatedly held that a contract made upon consideration between the parties thereto, for the benefit of a third party, is valid and enforceable by such third party from the date of its execution, and that neither of the parties

to the contract can thereafter rescind or change such contract to the detriment of such third party.   *First Wis. Nat. Bank v. Forsyth L. Co., ante,* p. 9, 206 N. W. 843, and cases there cited.

We have examined the objections to the introduction of testimony of which the appellant complains.   We think they are without merit; at least they were not prejudicial, and it is unnecessary to discuss them.

*By the Court.*—The judgment of the circuit court is affirmed.