Jacob Markowitz, J.
Plaintiff, a materialman, moves for summary judgment against the general contractor and its surety, for moneys due it for materials delivered pursuant to a contract between it and one of the general contractor’s subcontractors. The general contractor is the principal on a payment bond issued by the surety, an insurance company. The payment bond states that obligations thereunder shall remain in force “ if the Principal, his or its representatives or assigns and other subcontractors to whom work under this Contract is sublet and his or their successors and assigns shall promptly pay or cause to be paid all lawful claims for * * * “ (b) Materials and supplies * * * used or consumed by said Principal or any Subcontractor * * *.
* * *
“ (a) The Principal and Surety agree that this bond shall be for the benefit of any materialman or laborer having a just claim * * *. (b) All persons who have * * * furnished materials * * * shall have a direct right of action against the Principal and * * * the Surety * * * or against either or both of them * * *, Such persons may sue in their own name.”
*762 The delivery of the material and its use on the job are not contested. Accordingly, a cause of action on plaintiff’s part, against either or both defendants, exists (Daniel-Morris Co. v. Glens Falls Ind. Co., 308 N. Y. 464, 469; New York Plumbers Specialties Co. v. Columbia Cas. Co., 13 A D 2d 449). Defendants assert that the subcontractor, who originally ordered the materials furnished, abandoned its work, causing the defendant general contractor to finish the job, to its damage. Accordingly, the sole question here presented is whether the principal and surety have the right to set off this alleged claim against plaintiff.
Plaintiff is at least a creditor beneficiary of the contract [the bond] which is sued upon. In addition to being a creditor beneficiary, it is one of the class intended to be protected by the very terms of the bond (see Chittenden Lbr. Co. v. Silberblatt & Lasker, Inc., 288 N. Y. 396). The defendant general contractor benefited from the existence of the bond, for it made the supplying of material on the job concerned more attractive to material-men, such as plaintiff, who, without a bond, might not have furnished the materials concerned, or insisted upon different conditions in connection therewith.
Under the circumstances herein, the plaintiff does not acquire its rights herein derivatively, as defendants assert (see Gifford v. Corrigan, 117 N. Y. 257; Morales v. Joanou, 146 Misc. 515, 517; Fidelity & Cas. Co. of N. Y. v. Plumbing Dept. Store, 117 Fla. 119; Forburger Stone Co. v. Lion Bonding & Sur. Co., 103 Neb. 202; Prouty Lbr. Co. v. McGuirk, 156 Ore. 418; Bohnert v. Radke, 189 Wis. 203; cf. Williston, Contracts, 3rd ed., § 395; Restatement, Contracts, § 140). Thus, its rights are not affected by the disputes between the general contractor and subcontractor, in which it had no part (Neill Supply Co. v. Fidelity & Deposit Co., 152 N. Y. S. 2d 157; see Graybar Elec. Co. v. Seaboard Sur. Co., 157 Misc. 275).
There was no action or inaction on plaintiff’s part which could give rise to a bar against the assertion of this claim on the ground of waiver or that it thereby subjected the general contractor to possible double liability (cf. Extruded Louver Corp. v. McNulty, 18 A D 2d 661, 662). Accordingly, the motion is granted.