[Civ. No. 47442. Second Dist., Div. Two. July 14, 1976.]

VOTAW PRECISION TOOL COMPANY, INC.,
Plaintiff and Appellant, v.
AIR CANADA, Defendant and Respondent.

COUNSEL

Roger K. Patterson for Plaintiff and Appellant.

Bolton, Hemer & Dunn and Donald H. Moore for Defendant and Respondent.

OPINION

ROTH, P. J.—Votaw Precision Tool Co., Inc., a California corporation (appellant), appeals from a judgment denying its request for declaratory relief against Air Canada, a corporation (respondent).

On or about July 17, 1970, Air Canada contracted with Inca Engineering Company (Inca) whereby Inca agreed to supply respondent with a thrust bed and adapter (thrust bed) to enable respondent to measure the pounds of thrust of jet aircraft engines in return for a consideration in the amount of $395,377.12.

As a part of said contract, Inca supplied respondent with a performance bond in the sum of $193,798.50 issued by Reliance Insurance Company of Canada.

Inca subcontracted with appellant which had agreed to furnish the fabrication for the thrust bed, and make the superstructure for the stand of the thrust bed in return for $106,000.

When respondent received the thrust bed, it had paid Inca the sum of $352,262.70, and Inca had paid to appellant all of the consideration it had promised except the sum of $17,723.40. Respondent discovered that the thrust bed failed to perform as required; specifically it failed to measure the thrust of the engines up to 100,000 pounds as required by the specifications of respondent's contract with Inca.

When respondent discovered that the thrust bed did not meet the specifications as required, it elected to withhold $43,114.42 as partial damages which it had suffered under its contract with Inca.

At the time of said withholding, Inca was indebted to appellant in the sum of $17,723.40 on its subcontract with appellant and Inca was in receivership. ■ Appellant by this action asserts that respondent is

legally responsible to it under one of the provisions of respondent's contract with Inca which provides: "Before making any payment on any progress or final estimate, the airline [respondent] may require the contractor [Inca] to satisfy the architect or other authorized representatives of . . . [respondent] that all claims against . . . [Inca] . . . for labor, services, plant, equipment, materials or things employed, hired or supplied upon or for . . . [thrust bed] have been paid or satisfied or, if any such claims are found to exist, . . . [Inca] shall pay the same forwith . . . ."

The trial court found and held that: there was no direct contractual relationship between appellant and respondent; respondent's anticipated damages far exceeded the amount withheld; and that respondent had the right to withhold payment to Inca in support of its claim for damages.

■ Respondent has not filed a brief and thus rule 17(b) of the California Rules of Court is applicable to this appeal. Courts have differed in the application of this rule with some taking a strict view and holding that the failure to file a brief was in effect a consent to a reversal (*Grand* v. *Griesinger* (1958) 160 Cal.App.2d 397 [325 P.2d 475]), or an abandonment of any attempt to support the judgment. (*Roth* v. *Keene* (1967) 256 Cal.App.2d 725 [64 Cal.Rptr. 399].) Since the burden is always on the appellant to show error, other courts have taken the position that the failure to file a brief does not require an automatic reversal. (*Perfection Paint Products* v. *Johnson* (1958) 164 Cal.App.2d 739 [330 P.2d 829]; *Kriegler* v. *Eichler Homes, Inc.* (1969) 269 Cal.App.2d 224 [74 Cal.Rptr. 749].) The better rule and the one which we follow is to examine the record on the basis of appellant's brief and to reverse only if prejudicial error is found. (*Baldwin* v. *Baldwin* (1944) 67 Cal.App.2d 175 [153 P.2d 567]; *Jarvis* v. *O'Brien* (1957) 147 Cal.App.2d 758 [305 P.2d 961].)

■ Appellant makes no contention that there was any kind of statutory lien involved in its dispute with respondent. Its contention is that appellant is a third party beneficiary of the contract between Inca and respondent.

Under the doctrine of substantial performance, it is settled that Inca was entitled to the contract price less any damages caused by its failure to perform, i.e., its failure to supply a thrust bed in accordance with the contract specifications. (3A Corbin on Contracts (1960) §§ 701 et seq., pp. 314 et seq.; 5 Williston on Contracts (3d ed. 1961) §§ 700 et seq., pp. 361 et seq. See also *Thomas Haverty Co.* v. *Jones* (1921) 185 Cal. 285 [197 P.

105].) The trial court found that: Inca had breached the contract, full performance had not been rendered, and that damages to respondent were far in excess of the amount withheld by respondent. Acceptance of appellant's legal theory is of no help since appellant as a third party beneficiary cannot assert greater rights than Inca under the contract. (Rest., Contracts, § 140; *Pace* v. *Rizzuto* (La.App. 1966) 182 So.2d 809; 4 Corbin on Contracts (1951) § 819, p. 277; 2 Williston on Contracts (3d ed. 1959) § 395, p. 1066; cf. *Certified Industries, Inc.* v. *Royal Indemnity Co.* (1964) 43 Misc.2d 761 [252 N.Y.S.2d 345]; *Sears, Roebuck and Co.* v. *Jardel Co.* (3d Cir. 1970) 421 F.2d 1048.) Williston, *supra,* at page 1066, states: "As the substantial matter the parties had in mind was the performance of the promises the defendant promisor has in substance not received what he bargained for. Under these circumstances it is unjust to allow a mere donee to enforce the promise; and if the third person is a creditor he is not entitled to any greater right than his debtor had." (Fns. omitted.)

Corbin, *supra,* at pages 277-278 states: "As said in another section, the beneficiary's right is subject to conditions of the contract, whether they be express, implied, or constructive. If the breach of the promise 'goes to the essence' and amounts to non-fulfilment of a condition precedent, the beneficiary's right is gone. If the breach by the promisee is a minor one, not amounting to non-fulfilment of a condition, the right of the beneficiary still exists. . . ." (Fns. omitted.)

In paragraph 27, subparagraph (1) of the contract between respondent and Inca it is explicitly provided that any payments between Inca and respondent are subject to a condition precedent that the architect in charge of the project approve the work. Although the contract did provide for progress payments to Inca, paragraph 29 provided that respondent could withhold 10 percent of the contract price until the architect was satisfied that the contract had been completed according to specifications. Since Inca never became entitled to payment, appellant, assuming it is a creditor beneficiary under the contract, is not entitled to any payments under the contract.

Next, appellant appears to contend that respondent had a duty to proceed against the surety, Reliance Insurance Company of Canada, to collect all of its damages from the surety and then to pay appellant what was left due and owing to appellant in its contract with Inca. The problem with this contention, as had been discussed above, is that appellant at best can only receive the rights that Inca is entitled to under

the contract. (*Sanders* v. *American Casualty Co.* (1969) 269 Cal.App.2d 306, 310 [74 Cal.Rptr. 634].) As has been further discussed, Inca is not entitled to additional payment under the contract and is legally liable for the damages caused by its breach of contract. (See, e.g., *Lowy* v. *United Pacific Ins. Co.* (1967) 67 Cal.2d 87, 92-93 [60 Cal.Rptr. 225, 429 P.2d 577].)

Appellant's remedy, assuming that it can show it is a third party beneficiary under the surety contract between Inca, respondent, and Reliance Insurance Company of Canada, is to bring an action against the surety. There is no question that appellant has completed all of its work and that its work was completed in a workmanlike fashion. There is also no question that respondent bargained for a thrust bed capable of measuring up to 100,000 pounds thrust. This it did not receive. At bench both parties seem to be innocent victims of Inca's failure to perform. However this does not give respondent the right to assert rights superior to those of Inca under the contract to which it was not a party. (*Sanders* v. *American Casualty Co., supra,* at p. 310.)

The judgment is affirmed.

Compton, J., and Beach, J., concurred.

A petition for a rehearing was denied August 4, 1976, and appellant's petition for a hearing by the Supreme Court was denied September 8, 1976.