[No. B051109. Second Dist., Div. Three. Sept. 24, 1991.]

TERRY BENNETT, Plaintiff and Appellant, v.
CALIFORNIA CUSTOM COACH, INC., Defendant and Respondent.

**COUNSEL**

Norman F. Taylor and Michael Charles Jochum for Plaintiff and Appellant.

Adams, Duque & Hazeltine and Jerald R. Cochran for Defendant and Respondent.

## OPINION

**DANIELSON, Acting P. J.**—Terry Bennett (plaintiff) appeals from an order granting the motion of California Custom Coach, Inc. (defendant) to tax costs.

We affirm the order.

### FACTUAL AND PROCEDURAL STATEMENT

On or about October 2, 1987, plaintiff paid defendant a $5,000 down payment towards the purchase of a "Daytona American Kit," which is a vehicle conversion package used to modify a Corvette to appear to be a Ferrari. The total purchase price was $7,500. Plaintiff later requested a refund of his down payment. Defendant sought to offset the months of storage of the kit and a 30 percent restocking fee against such refund.

On February 7, 1989, plaintiff filed an action for recovery of his $5,000 down payment. The complaint pleaded four causes of action, respectively: (1) violation of the Consumers Legal Remedies Act (Civ. Code, § 1750 et seq.); (2) fraud and deceit; (3) conversion, and (4) money had and received.

With regard to the fourth cause of action, plaintiff prayed for recovery of his $5,000 down payment plus interest at 10 percent from October 2, 1987. With regard to the remaining causes of action plaintiff also sought recovery of punitive damages. He also sought recovery of attorney's fees and costs and general damages based on his alleged pain and suffering under the first cause of action for violation of the Consumers Legal Remedies Act.

On September 18, 1989, a judicial arbitration hearing was held pursuant to Code of Civil Procedure section 1141.10 and California Rules of Court, rule 1605.

On September 26, 1989, the arbitrator made an award in favor of plaintiff in the sum of $5,980.18 as damages and awarded plaintiff costs "Per Cost Bill to be filed & served."

No challenge was made to the arbitrator's award within the statutory period allowed therefor.

On November 13, 1989, plaintiff filed a memorandum of costs in which he claimed as costs: $114 as filing and motion fees, $25 for service of process, $2.40 for photocopies of exhibits and $9,059.60 as attorney's fees.

In his supporting declaration, Michael Charles Jochum (Jochum) stated that the first cause of action of the complaint was for violation of the Consumers Legal Remedies Act (Civ. Code, § 1750 et seq.), which specifi-

cally provides for recovery of attorney's fees and costs. Exhibit "A" to the declaration was an itemized statement of the costs, in the sum of $186, and attorney's fees, in the sum of $9,059.60, incurred by plaintiff.

On December 12, 1989, defendant filed a motion under section 473 of the Code of Civil Procedure for relief from default regarding its failure to file a timely motion to tax costs, combined with a motion to tax costs, i.e., plaintiff's claimed attorney's fees.

In its motion to tax costs defendant asserted no attorney's fees were recoverable since the arbitrator's award did not provide for such recovery. It argued that the award is "devoid of any finding that any act of [defendant] was an unfair or deceptive business practice," which finding was necessary to prevail in an action for violation of the Consumers Legal Remedies Act. It further argued that the damages awarded by the arbitrator, $5,000 plus 10 percent per annum, supported defendant's claim that the award was made pursuant to plaintiff's cause of action for money had and received as contrasted with the causes of action based on the Consumers Legal Remedies and conversion theories, under which plaintiff prayed for punitive damages, which were not awarded.

Defendant also argued that the amount of attorney's fees, in any event, was grossly unreasonable in that the amount claimed, over $9,000, far exceeded the amount of damages awarded, less than $6,000, and because this was not a complicated or complex case. It objected to the fact that Jochum claimed a billing rate of $210 per hour while the "'principal'" of the law firm billed at only $175 per hour. Defendant further argued that the charges of $196 for word processing, $42.60 for mileage and parking, and $12.50 for secretarial services were not proper matters for an award of attorney's fees.

On January 23, 1990, plaintiff filed opposition to defendant's motions. With regard to the motion to tax costs, plaintiff argued that the arbitrator's award must be construed as a determination that plaintiff prevailed on all causes of action since there was no determination that defendant prevailed separately on one or more.

He further argued that as the prevailing party he was entitled to costs and attorney's fees under his first cause of action pursuant to Civil Code section 1780, subdivision (d). Specifically, he asserted that he was entitled to attorney's fees as costs. As support, he refers to the fact that the award expressly allowed plaintiff his costs; that attorney's fees are a component of costs when any statute refers to the award of "costs and attorney's fees" (Code Civ. Proc., § 1033.5, subd. (a)(10)); and that under the Consumers Legal Remedies Act "[t]he court shall award court costs and attorney's fees

to a prevailing plaintiff in litigation filed pursuant to this section. . . ." (Civ. Code § 1780, subd. (d).)

Although he acknowledged that the individual items were not expressly authorized by statute, plaintiff urged that the trial court nonetheless had discretion to allow those items as costs.

Plaintiff also asserted that the hourly rates submitted by his attorneys were justified by Jochum's declaration.

Plaintiff requested an additional award of attorney's fees in the sum of $2,730 for the time expended in responding the motion to tax costs and anticipated time for the hearing on the motion. Jochum submitted a supplemental declaration in support of these additional fees.

In its reply filed January 26, 1990, defendant argued that because plaintiff failed to ask for a specific finding regarding his claim under the Consumers Legal Remedies Act (Civ. Code, § 1750 et seq.), there was no factual basis for upholding an award of attorney's fees based on that statute. Defendant suggested that if clarification were desirable, the court should direct the arbitrator to clarify whether a damage award was made under that statute and whether attorney's fees were awarded pursuant to section 1780, subdivision (d) thereof.

Defendant also attacked the amount of fees claimed as unreasonable, and urged that there was no basis for an award of further attorney's fees.

At the hearing on January 30, 1990, the court granted the motion for default relief (Code Civ. Proc., § 473) and continued the motion to tax costs in order to permit the arbitrator to address the attorney's fees issue.

On April 12, 1990, the court ordered the arbitrator to file and serve a written "Clarification of Arbitration Award" regarding: "whether the Arbitration Award . . . awarded damages to plaintiff . . . based upon a determination that defendant . . . violated the statutory provisions of *Civil Code*, Section 1750 et seq., the Consumer Legal Remedies Act; and (2) whether the Arbitration Award provides plaintiff with a recovery of attorney's fees pursuant to *Civil Code*, Section 1780(d)."

In his "CLARIFICATION OF ARBITRATION AWARD," executed February 14, [*sic*] 1990, but filed April 12, 1990, the arbitrator stated:

"1. The arbitration award, in favor of plaintiff . . . was *not* based upon a determination that defendant California Custom Coach, Inc. violated the statutory provisions of Civil Code § 1750 et seq.;

"2. The arbitration award did not provide plaintiff . . . with a recovery of attorney fees pursuant to Civil Code § 1780(d) against defendant . . . .

"It was the intention of the arbitrator to award costs allowable under Code of Civil Procedure § 1035.5, to the extent that they do not include attorney fees authorized by statute as noted in Sub-Section (a)(10) of said section."

In its supplemental moving papers filed March 9, 1990, defendant argued that in light of the arbitrator's clarification of his award there was no basis whatsoever for plaintiff to recover his attorney's fees as costs.

In his supplemental opposition filed March 20, 1990, plaintiff urged that the original arbitration award, which was a final judgment, must stand on its own and be considered determinative of the issues involved. He argued that the clarification of the arbitration award was an impermissible attempt to amend the original award and that the original award clearly showed that plaintiff was the prevailing party on all of its causes of action.

On March 20, 1990, the court granted the motion to tax attorney's fees as costs. The order was entered on May 23, 1990.

ISSUES PRESENTED

Plaintiff essentially makes three claims: (1) the award inherently included attorney's fees as costs; (2) the trial court improperly ordered and relied upon the arbitrator's clarification of his award; and (3) the court erred in denying plaintiff additional attorney's fees incurred to oppose the motion to tax costs.

1.) We reject plaintiff's claims as meritless.[1]

DISCUSSION

I. *No Award of Attorney's Fees on Face of Award*

Plaintiff acknowledges that the award does not mention attorney's fees or contain any factual basis for the award of such fees. He argues, however, that the award inherently includes attorney's fees as costs, because it reflects that plaintiff was the prevailing party, and he had prayed for attorney's fees based

---

[1]Defendant has filed no brief on the appeal. Although in our discretion we might order reversal, treating plaintiff's points as well taken (cf. *Berry* v. *Ryan* (1950) 97 Cal.App.2d 492, 493 [217 P.2d 1015]), we will follow the practice of examining the record on the basis of plaintiff's brief and reverse only if prejudicial error is found. (*Votaw Precision Tool Co.* v. *Air Canada* (1976) 60 Cal.App.3d 52, 55 [131 Cal.Rptr. 335]; *In re Marriage of Schultz* (1980) 105 Cal.App.3d 846, 853 [164 Cal.Rptr. 653].) Nevertheless, we note the lack of assistance from defendant.

on his cause of action for violation of the Consumers Legal Remedies Act, which allows the prevailing party to recover its attorney's fees as costs.

In support he points to the fact that the award "shall determine all issues properly raised by the pleadings, including a determination of any damages and an award of costs if appropriate." (Cal. Rules of Court, rule 1615(a).) He further argues that since the arbitration award became final without challenge by defendant it should be construed to reflect the opinion of the arbitrator that plaintiff's claims were meritorious. (See *Stanley* v. *Superior Court* (1982) 130 Cal.App.3d 460, 465 [181 Cal.Rptr. 878].) Plaintiff also urges that an arbitration award should be considered to be like a general verdict of a jury. Such a verdict implies a finding in favor of the prevailing party on every fact essential to support his action or defense. (7 Witkin, Cal. Procedure (3d ed. 1985) Trial, § 319, p. 320.)

Plaintiff's remaining argument in this regard is that the award, which expressly provides that plaintiff is entitled to recover his costs, must be deemed to include his attorney's fees since attorney's fees are statutorily defined as costs. As authority, plaintiff relies on Civil Code section 1780, subdivision (d), which provides that the "court shall award court costs and attorney's fees to a prevailing plaintiff in litigation filed pursuant to this section" and Code of Civil Procedure section 1033.5, subdivision (c)(5), which provides that "attorney's fees are an item and component of the costs to be awarded and are allowable as costs" under Code of Civil Procedure section 1033.5, subdivision (a)(10)(B).

■ We find plaintiff's position to be meritless. Taking his pivotal argument to its extremes, we would have to conclude that the arbitrator implicitly found in favor of plaintiff on his claims of emotional distress, fraud and deceit, and conversion as well as on his claim for violation of the Consumers Legal Remedies Act. However, the award does not support such an inference in view of the fact that no damages, i.e., damages for emotional distress or punitive damages, were awarded based on such claims. Instead, the only reasonable inference which may be drawn from the face of the award is that the arbitrator made its award of damages based only on plaintiff's claim for money had and received. With regard to this latter claim, plaintiff alleged that he had given defendant $5,000 as a down payment and sought recovery of that $5,000 down payment and interest thereon at 10 percent. The award of damages represents that sum and interest thereon. Accordingly, we find that, as a matter of law, the award on its face does not and cannot be construed as an award of costs which included attorney's fees, since recovery of attorney's fees was contingent on plaintiff prevailing on a different cause of action, i.e., his claim under the Consumers Legal Remedies Act.

## II. *Clarification of Arbitrator's Award*

Plaintiff next asserts the trial court erred in ordering the arbitrator to clarify its award and then relying on that clarification in ruling on the motion to tax costs. In sum, he contends that the court, instead, should have relied solely on the original arbitration award since that was a final judgment and the time had lapsed for amending the award, which was in fact the impermissible effect of the clarification. He further contends that the clarification also constituted an impermissible collateral attack on the award, which was a final judgment.

The fallacy of plaintiff's position here is his contention that the trial court relied on the clarification in ruling on the motion to tax costs. To the contrary, the trial court expressly announced that it did not "see anything inherent in the award that convinces [the court] that the arbitrator decided it on [the] basis [of the Consumers Legal Remedies Act]." The court further stated: "[T]hat award convinces [the court] even without [the arbitrator's] subsequent ruling or even without his subsequent clarification which [it] asked for to try to deal with this issue, it convinces [the court] even without that he did not contemplate attorney fees. And they're denied."

Moreover, when plaintiff's counsel then asked if the court was "making a ruling that there is an amendment of the arbitration award effective as of today," the court responded: "No, [it was] not. [The court was] just denying it based upon the arbitration award that's in the court file."

## III. *No Award of Fees Proper for Opposing Motion to Tax Costs*

Plaintiff's remaining contention is the court erred in refusing to award him additional attorney's fees for having to oppose the motion to tax costs.

We find no error. The court correctly found that there was no basis for any award of attorney's fees.

### DECISION

The order is affirmed. Each party to bear its own costs on appeal.

Croskey, J., and Hinz, J., concurred.