*Supp. 15 Opinion
JOHNSON, J.
Defendant Marcellus Davis (appellant) appeals from a judgment in an action for unlawful detainer. Appellant contends respondent’s acceptance of Department of Housing and Urban Development “Section 8” housing assistance payments made by the Housing Authority of the City of Los Angeles on appellant’s behalf following expiration of the 30-day notice period waived respondent’s right to terminate the lease. We disagree and affirm the judgment.
I
Appellant was a tenant in Department of Housing and Urban Development (HUD) Section 8 subsidized housing owned by respondent. The written lease executed by appellant and respondent provided appellant’s share of the monthly rent was $129. Pursuant to the housing assistance payments contract executed by the Housing Authority of the City of Los Angeles (HACLA) and respondent, HACLA was required to make monthly housing assistance payments in the amount of $321 to respondent on appellant’s behalf.
On July 4, 1992, respondent served appellant with a 30-day notice to quit based upon appellant’s violation of a covenant in the lease prohibiting automobile repairs on the premises. Appellant failed to vacate the premises at the expiration of the 30-day notice period. On August 18, 1992, respondent filed the instant action for unlawful detainer. On September 24, 1992, appellant filed a general denial. Appellant alleged as an affirmative defense, inter alia, that respondent’s acceptance of payments by HACLA on appellant’s behalf after expiration of the 30-day notice period with knowledge of appellant’s breach waived respondent’s right to terminate the lease.
At trial, respondent’s agent testified on cross-examination that respondent received “rent” from HACLA on appellant’s behalf after service of the notice to quit. On October 26,1992, judgment was entered against appellant, awarding restitution of the premises, damages, attorney fees and costs to respondent.
On November 12, 1992, appellant moved for a new trial, or in the alternative, to vacate the judgment and enter a new and different judgment. At the hearing on the motion, appellant introduced into evidence a letter from HACLA stating respondent had accepted monthly “rent” checks from HACLA in the amount of $462 for the months of July through November 1992. On November 18, 1992, appellant’s motion was denied.
Thereafter, appellant filed a timely notice of appeal.
*Supp. 16 II
Appellant contends respondent’s acceptance of HUD Section 8 housing assistance payments made by HACLA on appellant’s behalf following expiration of the 30-day notice period waived respondent’s right to terminate the lease. We disagree.[1]
It is well established that a landlord who serves a tenant with notice of termination of tenancy and thereafter accepts rent from the tenant with knowledge of the tenant’s breach of the lease waives the right to terminate the lease. (Kern Sunset Oil Co. v. Good Roads Oil Co. (1931) 214 Cal. 435, 440-441 [6 P.2d 71, 80 A.L.R. 453]; Code Civ. Proc., § 1161.5.) However, it has not been decided in this state whether a landlord who serves a tenant with notice of termination of tenancy and thereafter accepts HUD housing assistance payments on the tenant’s behalf with knowledge of the tenant’s breach waives the right to terminate the tenancy. Thus, we look to the decisions of sister state courts for guidance.[2]
Appellant urges this court to adopt the holding of the Second District of the Appellate Court of Illinois in Midland Management Co. v. Helgason (1993) 241 Ill.App.3d 899 [181 Ill.Dec. 570, 608 N.E.2d 643] in which the appellate court determined HUD housing assistance payments constitute rent, and a landlord who serves a tenant with notice of termination of tenancy and thereafter accepts HUD housing assistance payments on the tenant’s behalf with knowledge of the tenant’s breach waives the right to terminate the lease. (Midland, supra, 608 N.E.2d at pp. 649, 651.)
As appellant notes in his supplemental brief, the decision by the appellate court in Midland Management Co. v. Helgason, supra, 608 N.Ed.2d 643 was reversed by the Illinois Supreme Court in Midland Management Co. v. Helgason (1994) 158 Ill.2d 98 [196 Ill.Dec. 671, 630 N.E.2d 836].
Upon reviewing the decisions by the appellate court and the Supreme Court of Illinois in Midland and the cases upon which they rely, we find the *Supp. 17 reasoning of the Illinois Supreme Court in Midland Management Co. v. Helgason, supra, 630 N.E.2d 836 persuasive. We conclude HUD housing assistance payments do not constitute rent, and respondent’s acceptance of HUD housing assistance payments on appellant’s behalf after expiration of the 30-day notice period with knowledge of appellant’s breach did not effect a waiver of respondent’s right to terminate the lease.
Section 8 is a federal housing subsidy program administered by HUD. (42 U.S.C. § 1437f.) Subdivision (a) of United States Code section 1437f provides in pertinent part: “For the purpose of aiding low-income families in obtaining a decent place to live and of promoting economically mixed housing, assistance payments may be made with respect to existing housing »
HACLA, a “public housing agency” as defined in the United States Housing Act of 1937, makes housing assistance payments to the landlord on behalf of the tenant pursuant to an Annual Contributions Contract (ACC) with HUD. In accordance with the ACC, HUD provides financial assistance to HACLA to make housing assistance payments on behalf of eligible tenants. HACLA is authorized to enter into housing assistance contracts with owners of housing in which some or all of the units shall be available for occupancy by low-income families. (See 42 U.S.C. § 1437f(b).)
Pursuant to the United States Housing Act of 1937, HUD fixes the rent for a subsidized unit. (42 U.S.C. § 1437f(c)(l).) HACLA, in accordance with HUD regulations and requirements, determines the rent the tenant must pay based on a fixed percentage of the tenant’s annual income, then pays the landlord the difference between the fixed monthly rent (“contract rent”) and the rent the tenant is required to pay (“tenant rent”). (42 U.S.C. § 1437f(c)(3)(A); see also 24 C.F.R. §§ 880.101(c), 880.201 (1993).) The monthly subsidy payments made by HACLA are referred to as “assistance payments.” (42 U.S.C. § 1437f(c)(l).)
Appellant argues the United States Housing Act of 1937 and the HUD regulations promulgated in accordance with the act indicate Section 8 housing assistance payments were intended to constitute rent.
United States Code, title 42, section 1437f(c)(3)(A) provides: “The amount of the monthly assistance payment with respect to any dwelling unit shall be the difference between the maximum monthly rent which the contract provides that the owner is to receive for the unit and the rent the family is required to pay under section 3(a) of this Act . . . .” Section 880.101(c) of the HUD regulations states in pertinent part: “The total *Supp. 18 amount received by the Owner for rent is called the Contract Rent.” (24 C.F.R. § 880.101(c) (1993).) Section 880.201 of the HUD regulations defines “contract rent” as “[t]he total amount of rent specified in the Contract as payable by HUD and the tenant to the owner for an assisted unit.” (24 C.F.R. § 880.201 (1993).)
Notwithstanding the foregoing, regardless of whether the monthly housing assistance payments are characterized as rent, the rights and obligations of appellant and respondent were defined by the terms of their agreement. As the Illinois Supreme Court noted in Midland Management Co. v. Helgason, supra, 630 N.E.2d at page 839: “[c]onceivably, even if such [housing assistance] payments constitute rent, parties entering into a lease agreement would, nonetheless, be free to agree on the effect of the landlord’s acceptance of such payments after a tenant’s breach.” Thus, in determining whether the payments made by HACLA had the same legal effect as if they were made by appellant, we must consider the terms of the lease to determine whether the parties intended that HACLA housing assistance payments constitute rent.[3]
The addendum to the lease (addendum) provides the owner may not terminate the tenancy except for: (1) serious or repeated violations of the lease terms and conditions; (2) violation of federal, state or local law pertaining to tenants’ obligations; or (3) other good cause. While these provisions do not expressly authorize eviction for a tenant’s failure to pay rent, such authorization is found in federal provisions pertaining to subsidized housing. (See 24 C.F.R. § 881.607 (1993).)[4]
The addendum neither defines nor refers to monthly payments by HACLA as “rent.” The difference between the “contract rent” and the “tenant rent” for which HACLA is liable is designated the “housing assistance payment.” The addendum indicates “tenant rent” is the monthly amount to be tendered by appellant as consideration for the lease, and the HACLA housing assistance payments are characterized as separate payments made on the tenant’s behalf. Thus, the lease terms do not establish the parties intended that housing assistance payments constitute rent.
*Supp. 19 Furthermore, “rent” is consideration paid by the tenant for the use, enjoyment and possession of the leased premises. (6 Miller & Starr, Cal. Real Estate (2d ed. 1989) § 18:63, p. 141.) Since HACLA is not a party to the lease and the lease does not convey to HACLA a possessory interest in the property, HACLA housing assistance payments should not be considered “rent.”
We agree with the reasoning of the court in East Lake Mgt. & Dev. Corp. v. Irvin (1990) 195 Ill.App.3d 196 [141 Ill.Dec. 279, 551 N.E.2d 272, 275-276], in which the First District of the Appellate Court of EEnois, holding that HUD housing subsidy payments do not constitute rent, observed that HUD regulations provide a property owner is entitled to receive vacancy payments from HUD for 60 days or more upon a showing that the owner is actively trying to fill a vacancy created by a tenant’s eviction from a subsidized unit. (See 42 U.S.C. § 1437f(c)(4); 24 C.F.R. §§ 880.611, 881.611 (1993).) Thus, vacancy payments are intended to reserve the subsidized unit for a subsequent qualified low-income tenant. (East Lake, supra, 551 N.E.2d at p. 275.) HUD subsidy payments made pursuant to the owner’s contract with HUD are also intended to induce the owner to participate in the Section 8 low-income housing program and offer protection to the owner from monetary loss resulting from participation in the program. (Ibid.) Under the circumstances, the landlord’s acceptance of HUD subsidy payments neither constitutes acceptance of rent nor a waiver of the right to terminate the tenant’s lease for noncompliance with its terms. (Id., at pp. 275-276.)
The Illinois Supreme Court in Midland Management Co. v. Helgason, supra, 630 N.E.2d 836, in agreement with the appellate court’s analysis in East Lake Mgt. & Dev. Corp. v. Irvin, supra, 551 N.E.2d 272, noted HUD regulations providing for vacancy payments for a period of 60 days or more following the eviction of a Section 8 tenant suggest housing assistance payments flow with the rental unit and not the tenant. Thus, unlike a lease, the housing assistance payment contract survives the landlord-tenant relationship. (630 N.E.2d 836 at p. 840.)
For public policy reasons, housing assistance payments should not be considered rent. As the Illinois Supreme Court explained in Midland Management Co. v. Helgason, supra, 630 N.E.2d at page 841: “To characterize the assistance as such would effectively defeat HUD’s interest in the development and availability of economically mixed housing for low-income families. As a practical matter, landlords confronted with the possibiUty of forfeiture of breach for the acceptance of housing assistance payments would be less apt to open their doors to low-income families and would seek to fill their vacancies with non-rent assisted families.”
*Supp. 20 For the foregoing reasons, we conclude HUD housing assistance payments do not constitute rent, and respondent’s acceptance of such payments on appellant’s behalf after expiration of the 30-day notice period with knowledge of appellant’s breach did not waive respondent’s right to terminate the lease.
The judgment is affirmed. Appellant to recover costs on appeal.
Roberson, P. J., and Watai, J., concurred.

Respondent has filed no brief on appeal. While in our discretion we might automatically order reversal, treating appellant’s point as well taken (Berry v. Ryan (1950) 97 Cal.App.2d 492, 493 [217 P.2d 1015]), we follow the better practice of examining the record on the basis of appellant’s brief and reversing only if prejudicial error is found. (Votaw Precision Tool Co. v. Air Canada (1976) 60 Cal.App.3d 52, 55 [131 Cal.Rptr. 335]; In re Marriage of Schultz (1980) 105 Cal.App.3d 846, 853 [164 Cal.Rptr. 653].) Nevertheless, we note the lack of assistance from respondent in doing so.

While decisions of sister state courts are not binding on California courts, they have persuasive value where the issues raised involve conflicting policies and the case is one of first impression in California. (See Bacich v. Board of Control (1943) 23 Cal.2d 343, 352 [144 P.2d 818]; Demeter v. Annenson (1947) 80 Cal.App.2d 48, 50 [180 P.2d 998]; Estate of Steidl (1948) 89 Cal.App.2d 488, 494 [201 P.2d 58].)

HACLA is not a party to the lease, and appellant is not a party to the housing assistance payments contract.

The housing assistance payments contract does not allow the owner to terminate the lease in the event HACLA discontinues monthly housing assistance payments on behalf of the tenant. Moreover, the contract provides in pertinent part: “Neither the HACLA nor HUD assumes any obligation for the tenant rent, or for payment of any claim by the Owner against the Family, except in accordance with section 6 [pertaining to security deposits and reimbursement by HACLA for unpaid rent and damages]. The obligation of the HACLA is limited to making housing assistance payments on behalf of the Family in accordance with this Contract.”