*Supp. 3 Opinion
WATAI, J.
Wassam Issa (respondent) filed his claim in small claims court on February 1, 1993. Defendant Alzammar Construction, Inc., was subsequently served by service on Riad Alzammar. Defendant Alzammar Construction, Inc., filed a cross-claim on February 26, 1993.
The small claims trial occurred on March 23,1993. On that date, the small claims court entered judgment for respondent against defendant Alzammar Construction, Inc., in the amount of $2,800 plus costs of $36. The court ruled that defendant Alzammar Construction, Inc., take nothing on its cross-claim. The notice of entry of judgment was mailed the next day, and on April 9, 1993, defendant Alzammar Construction, Inc., filed a notice of appeal.
The case file was forwarded to the Pasadena Superior Court on May 5, 1993. On July 12, 1993, after trial de novo, judgment was entered in the superior court for respondent against defendant Alzammar Construction, Inc., in the amount of $2,800 plus $36 in costs. The case was then ordered transferred back to the Rio Hondo Municipal Court for further proceedings.
Defendant Alzammar Construction, Inc., subsequently made a series of motions in the municipal court. On June 17, 1994, the writ of execution was returned from Los Angeles County wholly unsatisfied.
On June 22, 1994, respondent filed a motion in the municipal court to change the defendant’s name from Alzammar Construction, Inc., to Riad Alzammar. On July 14, 1994, the municipal court granted the motion and ordered the complaint and the superior court judgment amended “TO SHOW TRUE NAME OF DEFENDANT TO BE ALZAMMAR, RIAD.” On July 18, 1994, appellant Riad Alzammar filed a motion to void the order amending the defendant’s name. This motion was denied on August 18, 1994. Appellant filed a timely notice of appeal on September 8, 1994.
Respondent has filed no brief on the appeal. Although in our discretion we might automatically order reversal, treating appellant’s point as well taken (Berry v. Ryan (1950) 97 Cal.App.2d 492, 493 [217 P.2d 1015]), we follow the better practice of examining the record on the basis of appellant’s brief and reversing only if prejudicial error is found. (In re Marriage of Schultz (1980) 105 Cal.App.3d 846, 853 [164 Cal.Rptr. 653]; Votaw Precision Tool Co. v. Air Canada (1976) 60 Cal.App.3d 52, 55 [131 Cal.Rptr. 335].) Nevertheless, we note the lack of assistance from respondent.
Appellant contends the trial court erroneously denied his motion, since the trial court lacked jurisdiction to amend the complaint and judgment by naming a new defendant one year after the judgment was entered.
*Supp. 4 We first address the amendment of the complaint. “Once judgment has been rendered, amendment of a pleading is only possible if the judgment is first vacated .... [Citations.]” (5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 1135, p. 550.) In view of the fact that the superior court judgment was never ordered vacated, the amendment of the complaint was improper and must be reversed.
We next address the amendment of the judgment. The court in NEC Electronics, Inc. v. Hurt (1989) 208 Cal.App.3d 772 [256 Cal.Rptr. 441] stated: “Section 187 of the Code of Civil Procedure grants to every court the power to use all means to carry its jurisdiction into effect, even if those means are not set out in the code. [Citation.] Under section 187, the court has the authority to amend a judgment to add additional judgment debtors. [Citation.] [•][] Judgments are often amended to add additional judgment debtors on the grounds that a person or entity is the alter ego of the original judgment debtor. [Citations.] This is an equitable procedure based on the theory that the court is not amending the judgment to add a new defendant but is merely inserting the correct name of the real defendant. [Citations.] ‘Such a procedure is an appropriate and complete method by which to bind new individual defendants where it can be demonstrated that in their capacity as alter ego of the corporation they in fact had control of the previous litigation, and thus were virtually represented in the lawsuit.’ [Citation.] In other words, ‘[i]f the claim of individual liability is made at some later stage in the action, the judgment can be made individually binding on a person associated with the'corporation only if the individual to be charged, personally or through a representative, had control of the litigation and occasion to conduct it with a diligence corresponding to the risk of personal liability that was involved.’ [Citation.]” (Id. at pp. 778-779, fn. omitted; see also Triplett v. Farmers Ins. Exchange (1994) 24 Cal.App.4th 1415, 1420-1421 [29 Cal.Rptr.2d 741].) Thus, a court may amend a judgment to add a new defendant’s name under Code of Civil Procedure section 187.[1] This section provides: “When jurisdiction is, by the Constitution or this Code, or by any other statute, conferred on a Court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this Code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this code.”
Section 116.820, subdivision (a) provides: “. . . A judgment of the superior court after hearing on appeal, and after transfer to the small claims *Supp. 5 court [for enforcement], may be enforced like other judgments of the small claims court, as provided in Title 9 (commencing with Section 680.010) of Part 2 and in Sections 674 and 1174 on the enforcement of judgments of other courts.” Thus, the small claims division of the municipal court enforces these superior court judgments. However, we do not think this necessarily means that the small claims division of the municipal court can amend a superior court judgment.
Section 116.820, subdivision (a) shows that these superior court trial de novo judgments must be enforced the same way other judgments are enforced. For most motions made to enforce a judgment, the motion must be heard by the court which entered the judgment. (See, e.g., section 683.120, which provides that a judgment creditor renews a judgment “by filing an application for renewal of the judgment with the court in which the judgment was entered.” In addition, the sections on enforcement of judgments define “court” as “the court where the judgment sought to be enforced was entered.” (§ 680.160.)) Thus, it appears the Legislature intended that motions to enforce a judgment be brought in the court which entered the judgment. Either the judge who presided at the trial de novo in the superior court or another judge of that court should have heard respondent’s motion. We therefore conclude that the municipal court erroneously ordered the superior court judgment to be amended and erroneously denied appellant’s motion to void such order.
The order denying appellant’s motion to void the order changing the defendant’s name in the judgment and in the complaint is reversed.
Appellant to recover costs on appeal.
Roberson, P. J., and Johnson, J., concurred.

All further statutory references will be to the Code of Civil Procedure unless otherwise indicated.