Filed 8/12/14  Wong v. Lee CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| LINA WONG, | B251401 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. KC062916) |
| v. | |
| THOMAS LEE, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Dan T. Oki, Judge.  Affirmed.

Lina Wong, in Pro. Per., for Plaintiff and Appellant

Wong & Mak, Steven W. Hashimoto, Fred A. Wong, for Defendant and Respondent.

The present case involves the purchase of a medical center by appellant Lina Wong ("Wong") from respondent Thomas Lee ("Lee"). Subsequent to the purchase, Wong sued Lee alleging breach of a written contract and fraud. Both parties having waived their right to a jury trial, the case proceeded as a court trial. After Wong rested her case in chief, Lee moved for a judgment pursuant to Code of Civil Procedure section 631.8. The court granted the motion and on July 10, 2013, entered judgment in favor of Lee. A motion for leave to amend the complaint to conform to proof was heard after judgment was entered and was denied. A motion for new trial was also denied by the court. No reporter's transcript or an authorized substitute was provided to this reviewing court.

*Inadequacy of the Record on Appeal*

Wong, as the appellant, has the responsibility to ensure that an adequate record of the trial is presented to the reviewing court. The failure to present an adequate record precludes an appellant from raising any evidentiary issues on appeal. (*Cosenza v. Kramer* (1984) 152 Cal.App.3d 1100, 1102.) In other words, absent an adequate record, the appellate court cannot reach the merits of any claim of error which requires a review of the evidence. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575; *Hodges v. Mark* (1996) 49 Cal.App.4th 651, 657.)

In numerous situations, appellate courts have declined to reach the merits of an appeal because the lack of a reporter's transcript or an authorized substitute made it impossible to do so. (See, e.g., *Walker v. Superior Court* (1991) 53 Cal.3d 257, 273-274 [transfer order]; *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296 [hearing on motion for attorney's fees]; *Ballard v. Uribe, supra*, 41 Cal.3d at pp. 574-575 [new trial motion hearing]; *In re Kathy P.* (1979) 25 Cal.3d 91, 102 [hearing to determine whether counsel was waived and minor consented to informal adjudication]; *Boeken v. Philip Morris Inc.* (2005) 127 Cal.App.4th 1640, 1672 [ruling on a requested jury instruction]; *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447 [trial transcript when attorney's fees sought]; *In re Estate of Fain* (1999) 75 Cal.App.4th 973, 992 [surcharge

hearing]; *Hodges v. Mark, supra,* 49 Cal.App.4th at p. 657 [nonsuit motion]; *Interinsurance Exchange v. Collins* (1994) 30 Cal.App.4th 1445, 1448 [monetary sanctions hearing]; *Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1536 [reporter's transcript failed to reflect contents of jury instructions]; *Buckhart v. San Francisco Residential Rent etc., Bd.* (1988) 197 Cal.App.3d 1032, 1036 [hearing on Code Civ. Proc. § 1094.5 petition]; *Sui v. Landi* (1985) 163 Cal.App.3d 383, 385-386 [hearing on a motion to dissolve a preliminary injunction]; *Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 713-714 [demurrer hearing]; *Calhoun v. Hildebrandt* (1964) 230 Cal.App.2d 70, 71-73 [transcript of argument to jury]; *Ehman v. Moore* (1963) 221 Cal.App.2d 460, 462 [failure to secure either a reporter's transcript or a settled statement as to offers of proof]; *Wetsel v. Garibaldi* (1958) 159 Cal.App.2d 4, 10 [order confirming arbitration award].)

The failure of Wong in the present appeal to provide a reporter's transcript or an authorized substitute for same makes it impossible for this court to properly opine on the major issues raised on appeal by Wong, that is, whether the trial court committed prejudicial error in granting Lee's Code of Civil Procedure section 631.8 motion for judgment, and the denial of her motion for a new trial, both of which require a review of the evidence.[1] Therefore, the failure by Wong to provide an adequate record on appeal warrants affirmance of the aforesaid challenged rulings made by the trial court.[2]

---

[1]  As to Wong's contention that the court erred in not allowing her to amend her complaint after judgment had been entered, a pleading cannot be amended unless the judgment is first vacated.  (*See Issa v. Alzammar* (1995) 38 Cal.App.4th Supp. 1, 4.) Further, since the trial court denied the motion for new trial (which we cannot review due to the inadequate record presented by Wong), the issue of amending the complaint is moot.

[2]  In view of this court's ruling, we need not entertain the other issues raised in the Respondent's Brief.

*Disposition*

The judgment of the trial court is affirmed.  Lee is awarded his costs on appeal.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


MINK, J.*



We concur:



TURNER, P.J.



KRIEGLER, J.

---

* Retired judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.