NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 12 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GLOBEFILL INCORPORATED, a Canadian corporation, | No. 17-56574 |
| Plaintiff-Appellant, | D.C. No. 2:10-cv-02034-CBM-PLA |
| v. | |
| ELEMENTS SPIRITS, INC., a California corporation and KIM BRANDI, an individual, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, District Judge, Presiding

Submitted March 8, 2019**
Pasadena, California

Before: SCHROEDER and OWENS, Circuit Judges, and CHRISTENSEN,***
Chief District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Dana L. Christensen, Chief United States District Judge for the District of Montana, sitting by designation.

Following a jury verdict finding Defendants Kim Brandi and Elements Spirits, Inc., liable for willful or intentional trade dress infringement, Plaintiff Globefill Inc. appeals from the district court's order (1) awarding Globefill disgorgement of profits in an amount less than Globefill requested; (2) denying Globefill's request to add non-party tequila manufacturer Finos as an additional judgment debtor; and (3) denying Globefill's motion for attorneys' fees. As the parties are familiar with the facts, we do not recount them here. We affirm.

1. The Lanham Act allows a prevailing plaintiff to disgorge profits that are earned by the defendant and attributable to the infringement. 15 U.S.C. § 1117(a). The district court did not "commit[] a clear error of judgment" in concluding that Elements earned—and therefore must disgorge—$871,536.86 attributable to the infringement. *Fifty-Six Hope Road Music, Ltd. v. AVELA, Inc.*, 778 F.3d 1059, 1076 (9th Cir. 2015) (citation omitted). The district court properly concluded that Elements' earnings equaled 8% of gross sales of KAH Tequila (or $871,536.86) based on a 2010 Trademark Assignment and Royalty Agreement (TARA) between Elements and non-party Finos.

None of Globefill's arguments to the contrary is persuasive. First, Globefill failed to establish that the TARA "was not an arms' length transaction." *Fifty-Six Hope Road Music, Ltd.*, 778 F.3d at 1076; *see also In re The Vill. at Lakeridge, LLC*, 814 F.3d 993, 1001 n.11 (9th Cir. 2016) (defining arms' length transaction as

one "between two parties, however closely related they may be, conducted as if the parties were strangers, so that no conflict of interest arises") (citing Black's Law Dictionary (10th ed. 2014)).  Second, Globefill waived its argument that the TARA was a fraudulent conveyance by failing to raise it in the district court.  *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010).  Finally, Globefill waived its argument of judicial estoppel by raising it for the first time in its reply brief.  *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990) ("The general rule is that appellants cannot raise a new issue for the first time in their reply briefs.") (citations and internal quotations marks omitted).

2. The district court did not abuse its discretion in denying Globefill's request to add non-party Finos as an additional judgment creditor.  Federal Rule of Civil Procedure 69(a) authorizes federal courts to rely on California Code of Civil Procedure section 187 to "amend a judgment to add additional judgment debtors." *In re Levander*, 180 F.3d 1114, 1121 (9th Cir. 1999) (quoting *Issa v. Alzammar*, 38 Cal. App. 4th Supp. 1, 4 (1995)).  Such an amendment requires: "(1) that the new party be the alter ego of the old party *and* (2) that the new party had controlled the litigation, thereby having the opportunity to litigate, in order to satisfy due process concerns." *Katzir's Floor and Home Design, Inc., v. M-MLS.com*, 394 F.3d 1143, 1148 (9th Cir. 2004) (emphasis in original) (quoting *In re Levander*, 180 F.3d 1114, 1121 (9th Cir. 1999)).  Here, the district court did not abuse its discretion in

denying Globefill's request because Globefill failed to identify evidence that Finos (1) is the alter ego of Elements, or (2) that Finos controlled the litigation. Even on appeal, Globefill fails to identify any evidence in the extensive record showing that Finos controlled the litigation.

3. The Lanham Act permits a district court to award attorneys' fees to a prevailing party in "exceptional" cases. 15 U.S.C. § 1117(a). The district court did not abuse its discretion in concluding that this case was not "exceptional." *See SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F. 3d 1179, 1181 (9th Cir. 2016) (clarifying the standard of review). In so concluding, the district court did not err in giving substantial weight to Brandi and Elements' reasonable litigation positions, while still considering the totality of the circumstances, including their intentional or willful infringement. *See Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1989 (2016); *see also SunEarth, Inc.*, 839 F. 3d at 1181.

**AFFIRMED**.